May it please the Court, Elisa Klein for the Secretary of Education. Again, just taking them in order. The challenge in this case is to a regulation that was issued in 2002. Since the time that the regulation was published, after notice and comment rulemaking, it was implemented. States and school districts relied on it for teacher hiring and reporting purposes, and Congress itself repeatedly took action against the backdrop of the regulation. When this Court's second opinion called that regulation into question. No, no. We held it invalid. Well, held it invalid, but of course, you know, still pending before this Court. When it threatened to upset settled expectations, Congress passed a new statute to make sure that the regulation would not be declared invalid, that it would remain in force, and that everyone could continue to rely on it. Well, not that the regulation would be held invalid. It didn't do anything to what we did to the old regulation, but it clearly said for a certain period, here's what the law's going to be. That's right. Respectfully, I disagree with the conceptual framework. The question before the Court, and it's the same question, is there a basis to declare the regulation invalid? You know, the mandate never issued, our en banc petition is pending. If that had been held before this Court with the same question, is the regulation invalid? Okay, let me, excuse me, let me make sure you're reading the regulation the same way I am. I'm looking at the language of the Appropriations Act of December 22nd, I guess it was, of 2010, and it recites that a highly qualified teacher, in quotes, includes a teacher who meets the requirements in the CFR provision as published in the Federal Register on December 2, 2002. Is the government's position that that language is retroactive? Our position is that there's no need. You don't think of this as retroactivity because it's an APA action to set aside a regulation which cannot be done unless the regulation is invalid. And as Abramowitz, this Court said in Abramowitz, the D.C. Circuit in Cobell, the Court must apply the law in place at the time the Court answers that question. I understand that, but I'm just looking at the language of the appropriation statute, and that language appears to me to say that when the Federal Register issued on December 2, 2002, highly qualified teacher meant what is set out in the regulation which we've been wrestling with for the last three years, I guess it is now. I think I agree. I mean, this, we regard this as a clarification as what this statute meant all along. And that's why when Senator Harkin, you know, issued the statement, he emphasized that there's broad bipartisan support in Congress and in the Obama administration that it's in the intent of Congress for alternative root teachers to be considered highly qualified, consistent with the regulation that has been in place for several years, and that the whole point is to maintain the status quo, no changes, that the regulation was valid, it is valid, and obviously things can change in several years. But for present purposes, the regulation is valid, and that was the point of the statute. I think I'm following along the same line of questioning Judge Tolman has been pursuing. I'm looking at this so-called Section 163. It has two subparts. A, a highly qualified teacher includes a teacher who meets the requirements of da-da-da. B, this provision is effective on the date of the enactment of this provision through the end of 2012-2013 academic year. Does not look to me as though it's retroactive. Well, again, there's only one issue. The question is, can this court, you know, the Supreme Court, the District Court, strike down the regulation? And that question has to be answered in the present tense. There is no basis to strike it down. Well, let's go at this and see. In some ways I don't disagree with you, but I may disagree with you as to the consequences we might attach to these statements. So are you saying that because of what you just said, we should vacate our opinion? Yes, Your Honor. Why is that? Well, because there's still a question before this Court, is the regulation valid? There's now a change in law, a clarification that the regulation is valid. Let me interrupt you. Why would it not suffice for your purposes and be an accurate reflection of the reality for us to write either a published opinion or an order  that is not? We're not here to make law, so I just want to know what else is in this package. Our position here is that there is no relief to be awarded. Well, if that's the case, then why did you disclaim the mootness question in your briefing, which totally befuddled me? Because if I understand your argument in response to my question, if all this Act of December 22, 2010 did was to clarify what the regulation has always meant since December 2 of 2002, the regulation has meant the same thing since 2002, and that no effective relief can be afforded, isn't that by definition mootness? And if it's moot, then we should vacate our opinion. But you didn't say that in your briefing. Again, I'm not resisting. If the Court conceptualizes it as mootness, that's not we're not here trying to make law. Just the way we saw it is You just want to get rid of an opinion you don't like. But, you know, look, we came here originally saying there was no standing. That remains our view. Everything we've said in our on-moment discussion Although I have to say it wasn't your view in the district court. I mean, you came quite lately to that view. No, we made a different standing argument. It was acknowledged by the district court in a footnote and in the first opinion. It wasn't the same, but it was a standing argument. But, again, ordinarily, if a court has a pending case and the law changes, I mean, whether it's a clarification or not, it's the law, and there's an action, it's an APA action saying the regulation is inconsistent with the statute, the answer is no, it's not. I mean, we understand it as a merits ruling, but if it's regarded as a mootness ruling, that's fine, too. We're not trying to get a merits ruling. We're just trying to make it. I would have a much easier time with your notion if this statute, the new statute, Section 163, were retroactive, but both provisions are written in the present tense, and the second provision explicitly says it's valid from the date of the enactment on. And that brings me back to our first Let me keep talking. So as I read it, it's telling us from here forward, this is what it means. Whatever it might have meant before, it means this from here forward. And if you think of the way Congress would have thought of this case, and this is the only case that was in Congress's mind. This was a reaction to the suit. Of course. This is a suit for prospective relief. It's an AP action asking a court to set aside a regulation. That hasn't happened yet. I understand this Court wrote an opinion, but that would be an action that would be taken by the district court on remand. There's no mandate. It hasn't happened. And so this is a suit for prospective relief. And so what Congress said was, affected immediately, this regulation is valid. Which is why Why is there a termination period then? Why is there an expiration date? That's a separate, a separate, totally separate reason, because this is not a regulation of primary conduct. This forms part of just a spending program that's up for reauthorization that, you know, Congress may be wrong, but it expects to act on in the next several years. So this isn't like the kind of law that you need to amend indefinitely. This is only a provision that's relevant as part of the Elementary and Secondary Education Act, which, as Senator Harkin and Representative Miller stressed, they, you know, hope to reauthorize within the next couple of years. And if it's not? If it's not, Congress can extend Section 163. What if it does not extend it? Then if there's a new person who can claim injury, if we have a real case, someone can try to sue. Again, we don't believe that's a proper lawsuit, but, you know, that can be an issue for another day. Yeah, and then you can lose it again if you like. Well, you know, we continue, as I said, we do stand by everything that's in our rehearing petition. We do not believe this was a proper lawsuit, and we do not believe the Court's opinion was correct on the merits. You know, on the merits, on standing, we disagreed, and that was hard for us. And that remains a hard question. On the merits, you lost 3-0. Yes, I know. But on the merits, the Court didn't address the statutory provision on which the agency relied when it issued the regulation. And we're talking about the agency that was charged by Congress with implementing this program, as the Supreme Court just made very, very clear in Horne v. Flores. So we're talking about the Cabinet Department vested with responsibility to implement the program. It explained in its preamble why it read this provision the way it did and how it harmonized the provisions of Title I and Title II. And this Court did not acknowledge that reasoning. You keep talking, and you're not trying to be impolite. And if we need more time, we'll make sure you have it. So don't feel too pressed by the time. You also, I think we've made clear, we're actually, all three of us, quite sympathetic to the aims of the government. I mean, that's another reason why this has been a hard case for us. None of us thinks the statute, as we think the statute had to be read, actually is very functional. So it's not as though we're unsympathetic. But as we read the statute and as we read the regulations prior to 163, the regulation saying someone who does not have a full credential will treat as if they do have a full credential, I'm sorry, we just disagreed with you. End of story on that point. My question, I want to go back to the relief that you're seeking, which is to say to vacate the opinion. It was not moved at the time we issued it. It may not be relevant now because of 163. But of course, there are a lot of opinions on the books that are absolutely irrelevant to anything. I mean, I could wipe out virtually all of F2, and no one would feel the pain. And it may become relevant at the end of the academic year 2013. At this point, we don't know. So why do we vacate it? I don't get it. I can find no case in anything like this circumstance where there's been a vacation. We vacated if it was moot at the time rendered. I got that. But at the time we rendered it, it was not moot. Well, the cases like Cobell is the closest analog, where the district court issued an injunction. And then after the district court acted, Congress passed a law that it was, again, temporary, changed the law. It was about interiors accounting obligations to say that interior is not required to do this type of accounting work for an 18-month period. And what the DC Circuit said is a court applies the law as it is at the time it renders a decision. We aren't still here. We rendered our decision, and we applied the law as it then existed. Yes, but we're still here. I understand if the mandate had issued, if we had had a final judgment, I don't think the mandate makes any difference wherever the opinion came down. Well, let's imagine we had sought Supreme Court review and the Supreme Court had the case. The Supreme Court would apply Section 163. Yes. The same is true because we're before this Court, still within the rehearing period. I mean, this Court, it makes no sense to think we would have to go to the Supreme Court to say, apply the law as it exists. I mean, in Cobell, this part actually wasn't treated as a difficult question. It's that, oh, I see, Congress amended the law. It's substantive law. The fact that it's temporary makes no difference. What it said is a court must apply the law in effect at the time the court rules. And it doesn't matter that this Court had the case and Congress quickly reacted before the mandate issued while the case was still in this Court to ensure that this Court's opinion wouldn't have any real-world effect. It's, I mean, it's the same. But, Ms. Klein, I'm still back to the question that you haven't satisfactorily answered, and that is, in Arizonans for Official English, the Supreme Court found that the case was moot. And because there was no further opportunity for higher appellate review of the Ninth Circuit's decision, it ordered the Ninth Circuit and the District Court, the underlying District Court opinions, to be vacated. Because you can't rely on a half-baked decision, basically. Why is this situation any different from that situation? And this is what I don't want to – I'm not resisting too strongly, because I can imagine thinking of it that way. They can't get any relief anymore. We can't get further review because, you know, this is just vacate this Court's decision and vacate the District Court's decision as moot. That's fine. We don't have a problem with that. The concern is – what I don't understand is the idea that this Court's decision exists and would have some force, like force of law in 2013 or, you know, authorization for some sort of other relief. I liken it to the old property concept of a springing use. You have this opinion that will suddenly come back into fore in 2000 and – what is it, 14? I mean, the law has changed, and it's – the case is still before this Court. Again, we think that applying what, you know, the Supreme Court said in Landgraf and the D.C. Circuit said in Korbel and in Discord said in Abramowitz, the right thing to do is to say, I have a challenge to a regulation. Yes, it's true. I've addressed it already, but it's still before me. Is the regulation consistent with the statute? Yes. I know that because 163 just made that unambiguously clear. Going forward. Well, but the question is being answered going forward. It's, is there a basis to set the regulation aside? We can only set it aside going forward. Well, counsel, you said to Korbel, well, Korbel involved an injunction. You have not obtained an injunction in this case. Is that correct? Well, we're the defendant. We won in district court. So. Do you have any case to cite that does not involve an injunction? Well, as far as I've been able to discern other than Korbel, I don't know of a case like this where Congress acted so quickly to ensure that a court ruling would not go into effect, would not have real-world effect. Obviously, Congress resolves disagreements among the courts all the time. There may be other examples. The only one I have ever been involved in involved in a question of statutory interpretation of the Internal Revenue Code dealing with the ministerial exemption for the value of the parsonage. And in the middle of the litigation pending in the Ninth Circuit, Congress changed the statute to basically rule in favor of the commissioner that there was a reasonableness requirement on the amount of the exemption. And in that case, we dismissed the appeal because it was moot. And that's why I keep coming back. In your brief, you say, no, this case is not moot. But it is moot, isn't it? Again, this formulation, I'm not resisting. I'm throwing soft pitches here. I know. That's why I'm not resisting it. If the court wants to say, look, of course, they can't get the regulation set aside because Congress just made clear that you can't set it aside and that, you know, you can only get relief going forward and end the case that way, vacate everybody's opinions, that's fine. Well, you know, there's an argument, actually, that they are entitled to retroactive or maybe the words are not retroactively. They're entitled to relief as to some reporting requirements that kicked in in the past. And if I'm right in my construction of Section 163, the regulation meant one thing prior to the passage of 163, it means a different thing going forward. That's why I'm resisting Your Honor's concession. I understand. That's exactly why you're resisting. Think of it in very concrete terms. But listen to me. The new statute says, and I shouldn't say regulation means something different, the statute means something different going forward. It's written in the present tense. It does not say we made a mistake. We're not saying that we misconstrued it. It is saying highly qualified teacher includes a teacher. The provision is effective from this time forward until 2013. It doesn't even say it's correcting it for all time. Because in 2013, if they do nothing, we're back to the prior state of the law. So this is far short of saying it has meant this all along. But what Congress did was exactly what it needed to do to resolve this case. And this case is what comes to Congress. It did not resolve this case because none of us knows what's going to happen in 2013. It could allow it to simply expire. It could, and I know members of Congress are hoping that they can get themselves a substantial revision of the statute. Frankly, I hope they can, too. But at this point, we don't know. No, I agree with that. But that's, again, where this Court recognized in Abramowitz, and it's cited in the plaintiff's brief, a court must apply the law as it stands, not as it may become. So that's the future. Well, I'm quite willing to apply the law as it now is and write, if you want, as a published opinion, to say from the time of the adoption of 163, here's what the statute says, and the regulation is perfectly valid under the statute so long as 163 is in effect. You got that. I'll give it to you. Now, I'm not sure my colleagues will, but I rather suspect they will. No, but, again, it's not accurate to say, think of a teacher, make it very concrete, think of a Teach for America teacher who taught this last school year. She wasn't unqualified until December 21st and then highly qualified on December 22nd. She is highly qualified. I disagree with you. Highly qualified is a statutory term. She was as good a teacher the day before as she was the day after, or at least I'll assume so. But the question is whether the label highly qualified under the statute can be legitimately applied to her. That did change. Again, looking at the explanation that Senator Harkin, who's the chair of the Senate Education Committee, gave for this provision is there is broad bipartisan agreement among members of Congress that it is the intent of Congress for alternative route teachers to be considered highly qualified, consistent with the regulation that has been in place for several years, skipping the Ninth Circuit's decision, which reverses a previous court ruling in favor of the regulation, could cause significant disruptions in schools across the country and have a negative impact on students. And so we're maintaining current practice. I mean, this is not a statement that, yes, you know, it was wrong all along, but we suddenly changed our mind and we're now passing a new law to change the law. I disagree with even what he said, although, you know, I'm not always a fan of the jurisprudence of Justice Scalia. But he says, read the statute. Don't read the legislative history. And especially if you're going to do legislative history, don't read the comments of a single legislator. OK, just sticking with just the statute. So the question, imagine the secretary needs to submit a report to Congress, aggregate level data needs to submit it, you know, coming up and has to decide, is this teacher, are all of these teachers highly qualified? She's going to look at 163 and say, yes, it's not two answers. It's not no before and yes, starting December 22nd. Oh, yes, it is. At least my view is, until the passage of this 163, our view was that the statute said that alternative route teachers in the process of getting their full state credential were not highly qualified within the meaning of the statute. 163 says, OK, we're changing the statute. But the court has before it a single claim. It's an APA challenge to a regulation and it's seeking prospective relief. And that's considered. OK, you know what? And I don't want to cut you off in the sense of keeping you strictly to rebuttal and so on. I think it would be profitable to hear from the other side. Well, in a sense, we're going to treat this like a district court. I mean, it's the only case we've got this afternoon. We want to make sure that we've heard from everybody everything they need to say. Good afternoon, Your Honors. Tara Kinney for plaintiffs, appellants, parents, students and Californians for Justice. It's appropriate for the panel to amend its decision to recognize the legal development in the continuing resolution and to provide some guidance to the district court on the scope of relief. But Section 163 in no way requires that this court vacate its prior decision. Under the law, in effect today, we amend our opinion and it's the amended opinion that will become the decision of the court, counsel. Yes, Your Honor. And so whether we vacate it or not, if we do what you're asking us to, I don't think you really want us to do what you just asked us to do. No, I think what you want is what I told you I was going to give you. I'll write you another opinion that says from the time of passage of 163 until 2013, assuming nothing happens, the statute means the following. And under that statute, the regulation is valid. Yes, Your Honor. That's our position that prior to December 22nd, 2010, the statute, the regulation was invalid and that at the end of the 2012-2013 school year, it will once again be invalid. And that's depending. We don't know. But where do you get that out of? I'm having the same problem that I asked Ms. to say that as that regulation was published in 2002, this is what highly qualified teacher meant. It's in essence, it's a clarification. This is what we have always meant it to be. And if we apply Landsgraf, we apply the law as it exists today in deciding what highly qualified teacher means for purposes of this litigation. Your Honor, I think subsection B states that the time span of the section 163. Or does it simply say that this act, this appropriations bill is effective immediately, which makes sense if it's a continuing appropriation. Because I don't remember where we were on December 22nd of 2010, but I wouldn't be surprised to find out that we were on the verge of running out of money to run the statute goes into effect. We were on the verge of government shutdown at that point. And the continuing resolution runs from December 22nd through March 4th when it expires. But this provision has words of futurity in it. It has a specific time frame and it provides in plain language, the provision is effective on the date of enactment of this provision through the end of the 2012-2013 academic year. And I think Congress could not have been clearer with its intentions here. It was to temporarily stop any mid-year disruptions to schools. Okay. I want to ask you a variation of the same question I asked Ms. Klein. Okay. I can agree with you, as I can actually agree with most of the things Ms. Klein said, until I know the practical consequences you want to attach to your words. Okay. What practical consequences attach for you or you want us to attach? Yes, Your Honor. So Ms. Klein said that we're, that this case is about perspective relief only. And that is not what we have, that's not all that we sought in this litigation. Throughout this litigation, we have sought a declaration from the court that the regulation in it is invalid. And right now we think it's appropriate that this court issue a declaration that it was invalid before the CR and should there be no intervening change in the law after 2012-2013, it will be invalid once again. Okay. Without regard to the future, let's talk about the past. If we adopt your suggestion, what will be different? What change will occur in the world by virtue of this declaration of ancient history? So I think the first change is that Congress is right now talking about ESEA reauthorization. Congress needs to know what the current law says and what the past law says so that it... We're not, Congress is not a party to this litigation. So the question is, what is our judgment, what impact is our judgment going to have on the relief that you sought in the district court? Right now, we sought a whole bunch of relief and we sought accurate reporting of highly qualified teacher data. Right now, there are outstanding reports that the department owes to Congress and that states and districts owe to parents. Parents are owed their four-week letter as well, telling them when their child has been taught by a highly qualified teacher. So our judgment is going to be directed to Congress or to the Department of Education. Does that mean that it must amend prior reports that have been filed? Is that... There, our complaint sought to have this court or the district court order the department to tell Congress that any past reports it issued, it has already issued using the unlawful regulatory definition, were in error. And as to any outstanding reports, they must report accurate data. But if Ms. Kline is right, Congress has answered that question and the reports are not in error because since 2002, highly qualified teacher included the regulation definition. So what I'm still not sure, I mean, you really think that there's going to be an amended report that gets filed that says, no, instead of 10,000 teachers for 34, because they had full credentials? Your Honor, there are outstanding reports right now. At the time we filed our brief, there were six outstanding reports owed to Congress. That had never been filed? That had never been filed. Okay. And so you were asking the district court to enter an injunction ordering the Department of Education to file reports? To file accurate data on highly qualified teachers that is core to No Child Left Behind's accountability scheme. No Child Left Behind says the whole, the structure of the statute with its numerous multi-layered reporting provisions at the classroom level, send the letter to parents at the school, district, state. Who files the report? Don't the reports come from the school districts, from the states, to the Department of Education? They come at all of those levels. So schools file reports saying how many highly qualified teachers they have. And they're not parties to this litigation. That's been a bugaboo in this case from the beginning. You don't even have the state of California here to defend its teacher credentialing practices. The Education Department has to enforce the statutory definition of highly qualified teacher as to states and thereby to districts. And our plaintiffs... So let me make sure I understand what you think will happen. You think that when we issue this opinion that the school districts and the state Department of Education or whoever it is that receives all these reports will send amended reports or new reports to the Department of Education and they'll change the computation of the numbers because highly qualified teachers meant something before December 22nd of 2010 than it means today. And then the Department of Education is going to change the reports that it sent to Congress to reflect those changes in numbers? Is that what's going to happen? We are not asking the Department of Education to change reports that it's already submitted to Congress. And have the reports been submitted for the school years prior to December 22 of 2010? There are outstanding reports... For what years? For the 08, 09, and 09, 10. That have not been filed? That have not been filed. Now, what if we were to, and something I can say with confidence with respect to our panel as a whole, many things I cannot, and this is one I cannot, but what if we were to agree with you that reports filed not by the local school districts, not by this court, we have no jurisdiction over them, but by the department, the reports that have not yet been filed, what if we were to remand to the district court to determine whether as a matter of equity such reports should be required in conformance with this? That is to say, it seems to me entirely possible that the district court looking at the disruption and difficulty that would be caused by preparing the reports that you think, as you think they ought to be prepared, given the change, as I would characterize it, in the statute, that that's a royal pain in the neck and that the balance, to say in legal terms, the balance of hardships as such and the equities would balance out in such a way that while maybe as a theoretical matter those would balance out in the injunction. Your Honor, first of all, as to declaratory relief, we think that in and of itself is very important here and that plaintiffs are entitled to that. As to injunctive relief covering past reports, California... Now, past reports, past reports not yet filed? Yes, past reports not yet. I think you're going to say past reports already filed, you're just going to leave them alone. Yes, and we have additionally sought relief to have the education department have to tell Congress that it was relying on an unlawful regulation and tell the Congress the reports are owed not just to Congress but to the public. That is core to No Child Left Behind's accountability scheme, that parents and the public have to know the true numbers of highly qualified teachers and non-highly qualified teachers disaggregated by... What are they going to do for the 2010-2011 school year? Let's go back to the Teach for America teacher on December 21. Is there going to be a footnote to the report that says through December 21, she was not qualified, but on December 22nd by divine act of Congress, she became highly qualified and therefore we finished the school year with 9,946 more highly qualified teachers than we started at the beginning of the school year. I think the report could appropriately footnote that and talk about the change in the law. I'm not sure that this court needs to wade into the details of that report. We're still struggling to figure out what it is that's... What practical effect this ruling is going to have because you haven't yet convinced this judge that this case is not over as a result of what Congress has done. Our plaintiffs are presently injured by the fact that they do not have accurate information that they are owed under the statute. They don't know how many highly qualified teachers were taught at schools last year in their districts, in their states. So the answer has to be then in response to my question that they were taught for most of the year by a highly qualified teacher, but not for the first few months of the school year. Yes, and I think that information is incredibly important. Our plaintiffs have a right to be able to point and go to Congress and say, Congress, you made this change, and look what it means for the inequitable distribution of teachers in our schools. And to have a public dialogue about that. Now, to be sort of practical about what the report's going to say, not just talking about the label, according to the allegations in your complaint, what that's going to tell the parents is that prior to the adoption of passage 163, that there were disproportionate number of teachers in these minority and low income districts that were interns, they were alternative route teachers and so on, and that the fully credentialed state teachers were disproportionately concentrated in the other schools. They'll get that information, whereas under the previous regulation, the one that we said was invalid, that information would not have been reflected in the as highly qualified teachers. So all of a sudden, the report is going to say, you know what, you had a disproportionate number of interns, whereas the report that's now going to come out isn't going to say that because the interns are highly qualified. That's the practical consequence. That is the practical consequence. And is it your argument, then, as you get these reports, that might affect whether or not Congress extends the statute? It might, at the state and local levels, it provides information that is essential to No Child Left Behind's accountability provision. Well, let me ask you another question. Would it be appropriate in this case to remand to the district court to hold the case until the expiration of 163? On the theory, it would be a waste of judicial resources to force the parties to relitigate. If you agree that it would be appropriate, do you have any cases aside that would bolster that argument? Yes, Your Honor. We do think it would be appropriate relief, in addition to declaratory and injunctive relief regarding the reports that are owed, for the court to tell the district court to retain jurisdiction so that at the end of the 2012-2013 school year, the court can order further injunctive relief consistent with this court's opinion. And cited in our brief, the Parham case, for example, and that's an Eighth Circuit case cited by the U.S. Supreme Court in Buchanan. And there, the court did not order any relief except retention of jurisdiction there, because the defendants had come into voluntary compliance. And that, in and of itself, was sufficient to qualify the plaintiffs, therefore, as prevailing parties for purposes of this. If we do that, when does the government get the opportunity to challenge the decision that you want us to issue? When does the government get to test the wisdom of the Ninth Circuit's ruling by seeking Supreme Court review, under your scenario? They're testing it right now, and they haven't... No, no, I think his question is, when do they get a final... When is there a final judgment such that a cert can be sought? Right. You're basically asking us to send it back now, and it's going to sit dormant on the docket of the district court until at least the end of the 2013 school year. And then we don't know what will happen, because we don't know what Congress is going to do, if anything. But the law, as it stands right now, is that the regulation was invalid prior to the C.E.R.? Well, I'm not sure I agree with your hypothetical. The law, as it stands right now, is that the highly qualified teacher includes all of these interns. That's what the law is today. It does in this school year, but it didn't last school year. Well, for part of last school year. Yeah, okay, we're still all right, assuming that we just... Okay, all right. Okay. And I don't know if you want the rest of this question, because it may have something to do with your budget. But if we send it back, and we direct the district court to hang on to it with the case on its docket, is an award of attorney's fees on the assumption that you might be entitled to some premature? You might have to wait around for your money on the assumption you're going to get me. I think an award of attorney's fees is appropriate when we're the prevailing parties when there's a final judgment or a material... And it sounds as though you're asking for a final judgment that's way down the road. At least 2013, counsel, if we do what you're asking us to do. This puts a... I hadn't considered that scenario. No, apparently you had not. All right, I see that. So, right now, we're asking for final relief in terms of a declaratory judgment that states that the regulation was invalid prior to December 2010. Okay, but when does the government get to challenge that? We don't enter partial rulings on appeal. We're not going to parse the case into pieces. Either we remand it to the district court, in which case the case remains on the docket and there is no final judgment, or we dismiss it because it's moot, or we issue an amended opinion that says something and then the government can decide whether or not they want to appeal it. It seems to me those are the only three choices you have. I think, right now, the court has discretion in the relief that it wants to order the district court to order. And a declaratory judgment is relief that our plaintiffs have sought throughout this litigation and that is appropriate right now. Injunctive relief to remedy the present effects of defendant's unlawful violation in terms of inaccurate information that our plaintiffs do not have right now and are owed for the prior school years before the CR. That is relief our plaintiffs are entitled to right now. Let me ask you a more practical question. Are you going to have any plaintiffs left by the end of the 2013 school year? Yes, Your Honor. We have plaintiffs who are in the fourth and fifth grades right now. In addition, we have Californians for Justice is an organization of youth from across the state, a membership-driven organization with 1,500 students. So yes, there's no question that we will have plaintiffs then. So of all of our worries, that's not on the list. Okay. Good. I can take that one on. Okay. Why don't we hear from Ms. Klein? And in line with what I previously said, if you have something in response, you can then say it and then we'll go back to you. There's enough going on here. Let's hear from Ms. Klein and then we can hear from you again if you have something to say. Okay. Thank you, Your Honor. I'm hoping this will advance the conversation, but I'm actually going to read from the prayer for relief in the complaint. And if you have the excerpts of record, it starts at 763. I've got the complaint. Okay. So, you know, prayer for relief, you know, paragraph one. Enter a declaratory judgment that defendant's regulation, et cetera, is unlawful and void pursuant to the APA for the reason that defendant's regulation contravenes the definition of highly qualified established by Congress in the No Child Left Behind Act. Now, whether you call it moot or losing, we can't enter a declaration that the regulation is invalid. This is properly phrased. This is what the APA allows. You can invalidate a regulation if it is invalid. So there is no basis for the declaratory relief that's sought in the complaint. The same is true for prayer two. Enjoin defendants, you know, the department, from utilizing, enforcing, or relying on the regulation. Now, we can't be enjoined from relying on the regulation because it is valid. Again, that's the effect of section 163. Flipping the page to the reports to Congress. And here I want to step back to the general principle established in this court's Guerrero decision, which is that the adequacy of an agency's reports to Congress is not agency action that's subject to judicial review. The reasoning of Guerrero applies with particular force here. It's hard to think of a case with a stronger basis for applying that reasoning than this one. But this one But what about the duty to report to the public? Let me read the language of the statute, if I may. This is the whole provision on the Secretary's duty to report. Report to Congress. The Secretary shall transmit annually to the Committee on Education and the Workforce of the House of Representatives and the Committee on Health, Education, Labor, and Pensions of the Senate a report that provides national and state-level data on the information collected under Paragraph 4. That's it. It's a bare-bones annual congressional reporting requirement. The way they get the data, and I think we're in agreement on this, is we don't make the data. The schools report it to the districts, which report it to the states, which report it to the Secretary. It's all on a computerized system. There are outstanding reports, but those will rely on data already collected by all of these independent actors across the country. And this is aggregate-level data. And so whether you think of the point as a standing point, Guerrero put it in both terms. It said, you know, you plaintiff, you're not injured by the Interior Department's report to Congress on the effects, you know, on trade in Guam. This was the government of Guam suing, saying, hey, you know, you're supposed to be reporting on the effects of this trade treaty on commerce and immigration and other things in Guam, and you're not doing it, or you're not doing it well. And this Court said no. And what this Court said was, having requested the report, Congress, not the judiciary, is in the best position to decide whether it's gotten what it wants. And it goes on in some length following the D.C. Circuit. And here, Congress has known from day one that the Secretary's reports to Congress rely on the regulation, and when, you know, Congress, it appropriated funds for alternative route programs, it passed a statute for Teach for America, and then when, after this Court's opinion came out, it said, yes, continue to rely on the regulation. As the question as to whether or not these reports need to be amended, and they've clearly said as to this, they're not asking that existing reports be amended, or that future reports be prepared with the definition of highly qualified teachers, such that we said is required prior to 163. Has the district court ever addressed any of this? No, and even at the panel stage, we said the congressional reporting counts were foreclosed by Guerrero, and they didn't offer any reply on that point. This case has never been about congressional reporting, I mean, until after the new statute, when there was an effort to try. Well, I shouldn't say it's never been about it. It's right here in the complaint. No, it's in the complaint. But again, this was not, the case was about hiring and real personnel, not about, you know. Well, I have to say that cases often are about lots of things, and I can't just lightly say it's not about this when it's been Paragraph 3 and Paragraph 4 of the prayer for relief in the complaint. I hear your point. What I should say is when we pointed out in our panel brief that that relief was foreclosed by Guerrero, there was no effort to distinguish Guerrero, no citation, no effort to preserve that claim. But again, it is foreclosed by Guerrero, which is really the more important point. What my point is, since the district court has not even touched this, if this were an ordinary case, I wish this were an ordinary case, if this were an ordinary case, our usual practice is, you know, let's have a district judge have the first crack at this question. But is your position really that the Supreme Court language that says when something like this happens, we should view with, I forget what the language is, but view with suspicion or with heightened intensity the resurrection of a claim for relief that really wasn't litigated before the district court? Because what it may really be is an attempt to avoid dismissal of the case on grounds of a claim for relief. Well, again, I'm not ascribing any nefarious motives. No, no. I just... I couldn't think of the right language. Yeah, I think... But that's essentially what the Supreme Court is saying, right? But again, to be fair, I mean, we are correct that this congressional reporting relief is foreclosed by circuit precedent, and I think that's why it wasn't argued in the reply brief at the panel stage. I mean, this is... I think it's this court following the D.C. Circuit that talks about how, you know, we declined to take the remarkable step rife with the danger of flooding an already burdened judicial system with failure to report cases of reviewing petitioner's claim when Congress has not provided for judicial scrutiny of this aspect of the interbranch relationship. Under these circumstances, the presumption of reviewability of agency action is woefully inadequate. So what if we were to agree with you in the following form? Injunctive relief requiring, quote, accurate reporting prior to the passage of 163, accurate as we define highly qualified teacher, in our opinion, and as we struck down the regulation, is foreclosed. We write an opinion that says we do not vacate our prior opinion because, as the law then stood, it's valid. However, from here forward, from the time of 163 forward until 2013, maybe, highly qualified teacher has been redefined, and we're not going to send it back for accurate reporting. End of story. No remand. At that point... If the case is over... I mean, again, I'm saying, when I say we're not trying to make law, my goal is not to get this court's decision vaporized. It's to make sure that this case is over and that there's no relief. And my hypothesis just made it over. That is to say, we're not remanding. We're simply saying from the time of 163 forward, there is no relief available to these plaintiffs. They got themselves a declaratory judgment that the law, as it previously existed prior to the passage of 163, that that law was invalid. From that time forward until whenever happens in 2003, highly qualified teacher allows the plaintiffs to be challenged. And we're not remanding for anything. I don't want to be difficult, but, again, I'm thinking, you know, we obviously believe this Court's opinion was incorrect when we set up the re-hearing petition. And I just don't want to be misunderstood as in any way agreeing that this Court was correct in its... I understand that. I'm not asking you to concede. I mean, I don't know if there's a way to write the opinion, but we don't need to decide the... You know, we don't need to address the issues raised in the re-hearing petition because of changes since then. That's a different... But here's one of the things I'm driving at. We now have a final judgment. That is to say, if we say, we're done. We're not remanding. We recognize that for the future, until whatever might happen in 2013, the game is over. We don't say to the district court, hang on to it, until you can find out what's going to happen. What happens to attorney's fees? There's no... I want to distinguish between entitlement and eligibility. There is not even any eligibility for attorney's fees, because to be a prevailing party, there has to be a real-world change in the conduct of the defendant towards the plaintiff. So there's no... Well, that's a tricky question, because there was a real-world change. It's really hard to get Congress to pass a statute overnight. No, but there, Buchanan says, even if you get Congress to pass a statute in your favor, you don't get fees. Here, Congress passed a statute to make sure they wouldn't get the benefit of this court's opinion. You know, this is a little bit off point, but this reminds me of one of our early pledge decisions, where the undergod, one of the judges on the panel said, you know, I might leave it alone, because it doesn't matter. That produced... Our decision produced, I think, 250 members of Congress on the front steps for a photograph the next day. Saying the Pledge of Allegiance. Uh-huh. Yeah. So, I don't... Maybe this didn't matter. It mattered to somebody. But something happened. Well, it... Oh, no. It clearly... This court's opinion would have mattered if it had been implemented. That was clear. That's, you know, why Congress took action so quickly, why we sought rehearing within several weeks. But it doesn't... Because of Congress's action, it won't matter. It doesn't have any real-world consequences, or to use the Supreme Court's vocabulary in the prevailing party jurisprudence, there's no enforceable judgment, meaning district court judgment, that can be used to alter the legal relationship between the defendant and the plaintiff. So, we're not even at entitlement. We're now just... There's no point in a remand for an EJIA application and substantial justification analysis and unjust award analysis, because there's no eligibility. But isn't there a question as to whether or not the government's position was substantially justified? Well, we... Yet, we would argue that, of course, it was, except that we don't need to get to that. You didn't appear to be arguing that before, but I'm just raising the issue here. We don't need to get to the question of substantial justification, because they are not prevailing parties. And that's a threshold requirement before you even get to substantial justification. If we assume that they were prevailing parties, then your argument would be, I assume, that your position was substantially justified. Yes, because, again, our position is that we were correct, not just substantially justified for all the reasons that are set out in our petition. I hate to keep reminding you of this. You lost. I understand, but we – I have a pending rehearing on Fonk petition that the Solicitor General authorized us to file, and we're – it's still pending. I just, you know, want to be clear about that. I understand that Your Honor is not persuaded, but, you know, we didn't think that additional congressional action was needed. We thought that at least the Teach for America statute would have been enough. But now that's all, you know, we're happy to move on, because we do have an explicit congressional ratification of the regulation. Okay. Why don't we hear from the other side, and then if you've got something more, we'll hear from you. Your Honor, I want to start first with the Guerrero case. Guerrero does not in any way limit this Court's power to order the agency, the Department, to tell Congress that past reports were issued in error and that outstanding reports must use the statutory definition in effect for the time period the report covers. Guerrero did not involve a public reporting requirement. And here, the statute – Aren't all those reports public reports? Of course they are. The statute calls for the report to Congress. The Secretary shall, and I'm quoting 20 U.S.C. 6319b2, shall publicly report the annual progress of states, districts, and schools in meeting the highly qualified – But any time Congress requires an agency to file reports with it, those are all public reports, unless they involve national security, in which case there must be some special procedure for reporting to the committee behind closed doors. The public reporting component here is crucial to NCLB's accountability scheme. But I'm not sure I understand how you're distinguishing Guerrero. I thought your argument was that there was some special twist on this public report that was different from any other agency's public report. Guerrero – the statute at issue in Guerrero did not require a public report to Congress. It was a report simply from the agency to Congress, and that's what the statute calls for. But those are by definition – those are all public reports. You get them from the government printing office. You can call your congressman and she'll send you a copy if you really want it. You can probably get it on the internet. Yes, and the distinction here is that NCLB calls for that report to be public and says it must be public and all of the reports underneath it at the state, district, and school and classroom level must be public as well. The other point I wanted to make is that this court can order the declaratory relief that you described. Additionally, it can order the injunctive relief requiring the department to comply with its reporting requirements. I have to say that – I have not fully made up my mind on this – I view Guerrero as a somewhat ambiguous decision because the premise of Guerrero – I'm just reading from the second paragraph of Judge Reimer's opinion – because Congress asked for the reports primarily for its own use, and the reports themselves trigger no legal consequences. We conclude the adequacy is not reviewable. Well, and your argument is, well, these were not necessarily primarily for the use or own use of Congress. They have a public purpose and trigger no legal consequences. Well, under the law as it existed, as we thought it existed before 163, they would trigger legal consequences. So I regard – I don't see the Guerrero question as open and shut. The government may win on it or may not. I'm going to ask you this question, but maybe I'll just repeat it in the decision conference room. What consequences? I don't understand. So the consequence is that those accurate reports allow parents and the public to point and say, hey, last year at my school, only 80 percent of the teachers were highly qualified, and this year, 100 percent are. And that is information. That injury is real injury that the U.S. Supreme Court has recognized. That's not – of the phrase I just read, and I think this is Judge Talman's question, that's not necessarily a legal consequence. That doesn't trigger a different legal obligation. That's my – that's my concern. We can continue this discussion back in the conference room. Well, respectfully, when Congress and states and districts are considering teacher quality policies, assignment policies, preparation policies, parents and the public have a right to be able to go there and say, hey, under your existing law, you're inequitably distributing these under-prepared teachers, and we need – we have this information, we're bringing it to you, and we're asking you to change your policies. And that's – those accountability provisions, when you look at the legislative history from when NCLB was passed, Representative, now Speaker Boehner, talked about why these reports are important. In the hands of caring parents, information is a powerful tool. Why have report cards for states and districts? Because parents deserve to know whether their children are being taught by highly qualified teachers. So that does take care of that prong in Guerrero about primarily for its own use. It's quite clear that it's for both the use of Congress and the general public. Primarily? I'm not so sure. Okay. I think maybe we've exhausted the topic as well as you. Okay. Ms. Pine, one more thing, and then – well, we'll see. I want to just clarify this informational point, because the information that everyone has, you know, the plaintiffs have, it's in their complaint. They knew exactly the number of teachers with intern credentials, where they were concentrated. I think it's paragraph 63 of the complaint, 10,716 teachers with intern credentials. They got all of that from the California websites. This is not that type of information argument. They're free to lobby, to say you've got, you know, too many interns in, you know, these schools. This was just about what label you then attach to that. And again, primarily for – there's a big difference. We're now talking about the report that the Secretary gives to Congress. Like none of these quotes were about those reports. That is for Congress's use. It's aggregate national data, state-level data. The report cards, the state and local report cards and things like that, they're not in this case. And I just want to make clear, you know, because the Department of Education has asked me to, is that, you know, we don't want California school districts – they're in the middle of a budget crisis – we don't want them going back and using their very scarce education funds to redo old reports. That's going to take money from something else. Two hundred of them already have waivers because of the budget crisis to get their current report in. And so, you know, like far from, you know, withholding Title I funds from these districts – that's the money for the poor students – we just don't want them doing that. As I read the statute, you're not required. You may withhold Title I funds. And I want to make very clear – and I did, you know, confirm with the Department of Education – it's not just that they don't want to punish them by withholding funds. We don't want them to use their extremely scarce education dollars to go back over these old data. Okay. Thank you. Thank you very much. Hope we see you again sometime. Thank you. We are now adjourned. Thank you. Speak for yourself. Thanks for the argument. Nice arguments on both sides. Well done. Mr. Healy, would you let Judge Gould know that I'm going to be a little delayed on        Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you.
judges: Nelson, W. Fletcher, Tallman, Cjj